IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01082-EWN-MEH

DARRYL MARTIN,

    Plaintiff,

v.

DR. CABILING, Crowley Correctional Facility Doctor, in his individual capacity,

    Defendant.
_____

**ORDER RE: ORDERS TO SHOW CAUSE**
_____

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

    In response to this Court's Order Directing Plaintiff to Make Monthly Filing Fee Payments or to Show Cause filed September 28, 2007 [doc #18], and the Order to Show Cause filed October 9, 2007 [doc #19], Plaintiff filed a Response Concerning Monthly Account Statement and Response to Order to Show Cause [filed October 15, 2007; doc #21].  Two days later, Plaintiff filed a Response to Show Cause Order [filed October 17, 2007; doc #22].  Construing the Plaintiff's pleadings liberally, as I must, I find that each of Plaintiff's documents respond to *both* Orders of the Court.

    With respect to this Court's Order Directing Plaintiff to Make Monthly Filing Fee Payments or to Show Cause, Plaintiff's first Response [doc #18], as well as his "Monthly Account Statement" filed contemporaneously with the Response [doc #20], fail to comply.  In that Response, Plaintiff asserts that he "CANNOT COMPLY" because he has been "in segregation off and on" since May 2007, and is "unable to contact anyone."  Doc. #18 at 1.  The fact that he is,

or was, in "segregation" does not excuse Plaintiff's failure to comply. *See, e.g., Palozie v. Pugh*, 62 Fed. Appx. 876, *1 (10th Cir. 2003) (prisoner claiming to be held in segregation complied with Court's order to show cause by submitting trust fund account statement within ten days). Moreover, notwithstanding Plaintiff's bold demands and inflammatory language in the first Response, Plaintiff's repeated contradictory statements that he "can get no COPIES," yet "copied his account statement ten times," and that he is "unable to contact anyone," yet has made "several inquiries" regarding his account statements and has been "refused" or "denied" certain requests, demonstrate only that Plaintiff has difficulty stating the truth to the Court. *See* Doc. #18 at 1-2. In fact, Plaintiff claims that he submitted to the Court an "account statement to this court [sic] July-August" [Doc. #18 at 1-2], yet contends that his requests to copy and mail the August account statement were "denied" [Doc. #20 at 1].

Until his second Response on October 17, 2007 [doc #22], the Court received no copies of trust fund account statements from Plaintiff since June 15, 2007. *See Hakeem Muhammad v. Pugh*, 64 Fed. Appx. 189 (10th Cir. 2003) (unpublished) (affirming dismissal of action where plaintiff failed to pay the monthly filing fee or to submit a trust fund account statement within the 30-day court ordered deadline). However, in the second Response, Plaintiff attached a hand-written request, dated October 5, 2007, for a certified copy of his account statement "from 10-5-07 to six months previously." Doc. #22 at 4. The next page reflects a certified copy of his trust fund account statement for the incorrect period of 4/1/200*8* - 10/11/2007. Doc. #22 at 5. Considering the improperly computed period, the statement reflects "No Activity Reported." *Id.* Therefore, the account statement and Plaintiff's second Response do not comply with this Court's Order, in that the statement reflects no information showing Plaintiff's inability to pay.

However, because the Plaintiff has demonstrated that he is attempting in good faith to obtain a correct copy of his trust fund account statement, the Court will **extend** the time period within which he is to make the required monthly payments for July, August, September and October 2007, or to show sufficient cause for his inability to do so, to **November 2, 2007.** Plaintiff is reminded that angry outbursts and use of profane language are strictly forbidden in all communications with this Court, and is warned that a repeat of this improper and disrespectful conduct may result in sanctions against him.

With respect to this Court's Order to Show Cause filed October 9, 2007 [doc #19], Plaintiff's first Response utterly fails to comply. In fact, Plaintiff did not respond directly to the Court's request to show cause for his nonappearance at the October 5, 2007 Scheduling Conference, except to say, "[t]his Court can call my case manager AND ASK THEM [sic] WHY THEY [sic] DID NOT CALL as they [sic] did SIMILARLY in ANOTHER FEDERAL ACTION I filed 07-cv-00963[1] where I made an appearance via phone while in SEGREGATION!" Doc. #18 at 2. Clearly, Plaintiff refuses to take responsibility for his failure to appear at the Scheduling Conference in this matter, when it is undisputed that he has appeared in, at least, one other Scheduling Conference in this Court within the last month. *Id.* Nevertheless, the Plaintiff himself is responsible for the prosecution of his case, and is required to comply, and to ensure

---

[1]Notably, Plaintiff filed six civil rights actions in this Court, including the within action, in an eight-week period between March 22, 2007 and May 23, 2007. In all actions, Plaintiff requested leave to proceed *in forma pauperis*. One action was dismissed without prejudice for failure to cure deficiencies under 28 U.S.C. § 1915 (07-cv-00566-ZLW); one action was dismissed without prejudice for failure to exhaust state remedies (07-cv-00701-ZLW); one action has been recommended to be dismissed without prejudice for failure to exhaust administrative remedies (07-cv-00963-EWN-MEH); and two actions have been dismissed with prejudice, one as legally frivolous (07-cv-00831-ZLW), and one for failure to state a claim (07-cv-00700-EWN-MEH).

3

compliance, with this Court's Orders at all times. Again, the Court admonishes Plaintiff to refrain from forceful demands and inflammatory language in all communications with this Court. If he fails to do so, he may be subject to sanctions.

Plaintiff's second Response [doc #22] also fails to respond to the Order to Show Cause. The only reference Plaintiff makes to his nonappearance at the conference is that a prison official "took" the "Court's order for a 10-5-07 conference via phone," and that he is unable to recover the order because he "has been in segregation since Aug. 20." *See* doc #22 at 2. Again, the fact that Plaintiff is in segregation does not excuse his failure to appear. Plaintiff himself is responsible for prosecuting his case in accordance with the rules and orders of this Court.

The Court notes that Defendant Cabiling has not appeared in this case. In compliance with the District Court's Order Granting Service of United States Marshal, the Clerk of the Court attempted to secure a waiver of service from Defendant on or about July 10, 2007 [doc #14]; it is the Court's understanding that the Clerk is following up with its service on the defendant. Therefore, in a separate order, the Court will reschedule the Scheduling/Planning Conference to a later date to allow the appearance of the defendant in this matter.

Accordingly, IT IS ORDERED that by **November 2, 2007**, Plaintiff shall either make the required monthly payments for July, August, September and October 2007, or show cause for his inability not to pay. In order to show cause, the Plaintiff must file a **certified** copy of his trust fund account statement for **each month**. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER ORDERED that by the **15th day** of **each** month hereafter, Plaintiff shall either make the required monthly payment for each month or file a certified copy of his inmate

trust fund account statement for the month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment.

IT IS FURTHER ORDERED that Plaintiff will refrain from his use of profanity and inflammatory language in all communications with this Court, or will be subject to sanctions.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with this order, I will recommend that the complaint and this civil action be dismissed without further notice.

DATED in Denver, Colorado this 23rd day of October, 2007.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge